237 N.J. Super. 63 (1989)
566 A.2d 1173
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ARMANDO ROSARIO, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 30, 1989.
Decided December 8, 1989.
*64 Before Judges J.H. COLEMAN, BRODY[1] and MUIR, Jr.
Jane E. Haburay, Assistant Deputy Public Defender, argued the cause for appellant (Alfred A. Slocum, Public Defender, attorney; Jane E. Haburay, of counsel and on the brief).
Jack L. Weinberg, Assistant Prosecutor, argued the cause for respondent (Samuel Asbell, Camden County Prosecutor, attorney; Jack L. Weinberg, of counsel and on the letter brief).
The opinion of the Court was delivered by MUIR, Jr., J.A.D.
After the Camden County Prosecutor refused to consent to defendant's diversion into the Camden Pretrial Intervention Program (PTI), and the trial judge found no patent and gross abuse of discretion in that refusal, defendant pled guilty to *65 possession of cocaine, a violation of N.J.S.A. 24:21.20(a)(1). Another trial judge sentenced defendant to three years probation conditioned on drug evaluation, any necessary treatment and other factors not pertinent to this appeal. When defendant entered his plea, he reserved his right to appeal the prosecutor's rejection of his participation in PTI. He now appeals that rejection, contending:
POINT I THE FAILURE TO SUBMIT DEFENDANT'S PTI APPLICATION TO THE PROGRAM DIRECTOR OF THE PRETRIAL INTERVENTION PROGRAM IN CAMDEN COUNTY AND TO RELY ON THE PROSECUTOR'S DECISION ALONE TO DETERMINE IF DEFENDANT WAS ELIGIBLE FOR PTI CONSTITUTED AN ABUSE OF DISCRETION ON THE PART OF THE TRIAL JUDGE, AND MANDATES REVERSAL OF THE COURT'S ORDER DENYING HIS ADMISSION TO PTI.
POINT II THE PTI PROGRAM IN CAMDEN COUNTY IN WHICH THE PROSECUTOR IS THE ONLY SUBSTANTIVE REVIEWER OF THE PTI APPLICATION, IS IN VIOLATION OF THE PRETRIAL INTERVENTION STATUTES, N.J.S.A. 2C:43-12 ET SEQ., AND THE PROGRAM MUST BE RESTRUCTURED TO CONFORM WITH THE PURPOSE AND INJUNCTIONS OF SAID STATUTE.
POINT III THE DENIAL OF THE DEFENDANT'S APPLICATION FOR ADMISSION INTO THE CAMDEN COUNTY PRETRIAL INTERVENTION PROGRAM CONSTITUTED A PATENT AND GROSS ABUSE OF DISCRETION BECAUSE THE PROSECUTOR AND THE REVIEWING COURT FAILED TO CONSIDER ALL THE RELEVANT AND APPROPRIATE FACTORS.
A. The Failure Of The Camden County Prosecutor To Submit The Defendant's Application To The Program Director, And His Own Failure To Consider The Individual Characteristics Of The Defendant, Constituted A Patent And Gross Abuse of Discretion.
B. The Prosecutor And The Court Improperly Relied On The Nature Of The Offense As Grounds For Denying The Defendant Admission To PTI.
We affirm.

I.
Defendant, in a number of ways, contends the Code and R. 3:28 guidelines require that before a prosecutor can reject a PTI diversion application, the Program Director must first rule on the application. We disagree.
The New Jersey Supreme Court set the cornerstone for the structure of PTI programs in this State when it decided State v. *66 Leonardis, 71 N.J. 85 (1976) (Leonardis I). That decision led to the enactment of statewide guidelines under R. 3:28. Those guidelines required a defendant seeking admission to a PTI program to present in an application to the program director, and through him to the prosecutor,
any facts or materials demonstrating his amenability to the rehabilitative process, showing compelling reasons justifying his admission, and establishing that a decision against enrollment would be arbitrary and unreasonable. [R. 3:28, Guideline 2].
Subsequently, the Supreme Court, in State v. Leonardis, 73 N.J. 360 (1977) (Leonardis II), considered, in the context of the separation of powers doctrine, judicial authority to divert a defendant into PTI over the prosecutor's objection. Leonardis II found such a judicial override had no handicap from the separation of powers doctrine, but narrowly limited the judicial review, making it available only in the most egregious examples of injustice and unfairness. Id. 380-384.
The marrow issue in Leonardis II was the potential judicial eclipsing of the function of an executive branch officer; the blotting out of a decision of a prosecutor to prosecute an individual for the latter's commission of a crime. Id. at 376-379. While the Court spoke of the judicial authority to override the refusal to divert by the prosecutor or a PTI program director, id. at 375, a constitutional dilemma arose only with regard to the prosecutor's decision.[2] Consequently, the Court set the limited standard of review in terms of the prosecutor's decision. Id. at 376. That perspective is persuasive support for concluding a PTI rejection need not be first ruled upon by a PTI program director.
The prosecutor's decision of no diversion overrides any contrary decision by the program director. There is nothing in either the Criminal Code or guidelines that specifically projects *67 the contrary. The Code states "[i]f an application is denied, the program director or the prosecutor shall precisely state his findings and conclusions...." N.J.S.A. 2C:43-12f. It suggests that when called upon to act, the director, like the prosecutor, must state his findings and conclusions when he rejects an application. It does not follow that the director must be called upon to act before the prosecutor may act. This is equally true of the guidelines. In that framework, once an application is made, a prosecutor may reject the application without input from the program director.
Camden County's Delay Reduction Plan for the Criminal Process (Speedy Trial Program), as approved by the Supreme Court, reflects such a procedure. That plan, filed in the Camden County Clerk's Office and in the Administrative Office of the Court, prescribes prosecutorial review once an application for diversion is filed with the program director. If the prosecutor decides to reject, he is required to transmit a notice of rejection with a statement of reasons to defendant and his counsel. If the prosecutor does not reject the application, it is referred to the PTI unit for review and action. The sense of the plan then is to recognize the prosecutor's control on the diversion issue. It avoids referral to the PTI program director because a prosecutor's rejection takes precedence over any favorable decision by the director.
Defendant argues this procedure denies his right to have meaningful assessment by the program director. He urges that the absence of the director's participation precludes inclusion of information that the program director could marshal which would favor diversion. The argument misconceives the program director's role.
Defendant must present all the facts and materials in support of his diversion with the application. R. 3:28. The program director may assist defendant in preparation of the application, but the burden of submitting data, documents and details to support diversion rests with the applicant at the time of application. *68 Thus, the director's role is not to marshal evidence beyond what defendant submits. A PTI application is not, as defendant argues, analogous to a pre-sentence report.
Moreover, it cannot be said that the prosecutor's viewpoint may be too myopic, thereby dictating the need for the director's input. The prosecutor must consider all relevant facts. State v. Bender, 80 N.J. 84, 93-4 (1979). Indeed, he or she is presumed to have considered all relevant facts. Id. at 94. A showing he or she has failed to do so may lead to judicial override, but it is defendant's burden to so demonstrate, not the program director's.
In sum, we find no fatal procedure in the Camden PTI application process. While we do not suggest that all counties follow the same procedure, we find nothing inimical to the Code or guidelines in the Camden prescription for handling PTI applications.

II.
Defendant also contends the prosecutor's veto of his application for admission into PTI constituted a patent and gross abuse of discretion which requires reversal of the trial judge, and compels defendant's admission into PTI. We again disagree.
The courts of this State are required to accord great deference to a prosecutor's decision to refuse to divert a defendant into PTI. See State v. DeMarco, 107 N.J. 562, 566 (1987); State v. Dalglish, 86 N.J. 503, 509 (1981). A defendant must clearly and convincingly establish that the prosecutor's refusal to sanction admission into a PTI program was based on a patent and gross abuse of discretion before diversion can occur without prosecutorial consent. State v. Leonardis, supra, 73 N.J. at 382. To convince a trial court to set aside a prosecutor's decision, a defendant must show that the decision constituted an abuse of discretion in that it either failed to account for all the relevant factors, or was based on irrelevant or inappropriate *69 factors, or constituted a "clear error in judgment." State v. Bender, supra, 80 N.J. at 93. In that context, the prosecutor is presumed to have considered all relevant factors in making his or her decision. Id. at 94. Defendant must also demonstrate any prosecutorial abuse established clearly subverts the goals underlying PTI. Id. at 93. The overall framework is that a defendant's recourse to the courts is designed to curtail "only the most egregious examples of injustice and unfairness." State v. Leonardis, supra, 73 N.J. at 384.
Applying these principles, we are satisfied the record does not support a reversal. The prosecutor reasoned that although the evidence did not support a greater charge than possession of cocaine, it did reflect defendant was involved in drug trafficking from his residence. Based on that reasoning, the prosecutor concluded defendant should not be diverted into PTI.
Defendant resided with his female co-defendant at 113 Boyd Street, Camden. A confidential informant advised that a Spanish male was selling cocaine in large quantities from that address. Police surveillance observed numerous people entering the address and leaving after a short stay. An undercover agent made a controlled buy at the address. Subsequently, law enforcement authorities secured a search warrant which resulted in discovery of the cocaine that led to defendant's indictment.
The prosecutor's letter of rejection provided, in pertinent part:
As you are well aware, PTI Guideline 3(i) states in essence that those defendants who are part of an organized criminal activity and who are part of a continuing criminal business or enterprise should not be admitted into the PTI Program. The nature and circumstances of this case, particularly the fact that the CDS involved was cocaine and the fact that the police officers made controlled purchases of cocaine from that address and noticed large pedestrian traffic going in and out of 113 Boyd Street, convinces me that the activity in question was both highly organized and being conducted as a continuing criminal business. For cocaine to be distributed in Camden, it is necessary that the narcotic be brought in from abroad and processed once in this country. *70 This requires a highly organized criminal apparatus. While your client may come in at the tail end of this criminal apparatus, it is beyond question that he is an essential part of that criminal chain. Drug related offenses make up a major portion of the county's caseload. Criminal experts tell us that the vast majority of all crimes committed in New Jersey are related to drug activity or drug abuse. Your client must be considered a source of this problem. Law enforcement in our state is making a major effort to rid the state of the scourge of drug abuse and drug distribution. For me to divert your client under these facts would make a mockery of those efforts. For all the above reasons, I will not consent to his admission into the PTI Program.
The Criminal Code and guidelines set out criteria for the prosecutor to utilize in making recommendations on PTI applications. N.J.S.A. 2C:43-12e; R. 3:28. The Code and guidelines make "the facts of the case" or relevant circumstances the criteria for evaluating an application. See N.J.S.A. 2C:43-12e; State v. Smith, 92 N.J. 143, 147 (1983). The Code also specifically identifies other evaluating criteria such as the needs and interests of society and whether or not the harm done to society by abandoning prosecution would outweigh benefits of defendant's diversion into PTI. N.J.S.A. 2C:43-12(e)(7), (17). There can be no doubt the recited facts, with reasonable inferences, could lead a prosecutor to justifiably recommend against defendant's admission into PTI. Evidence that defendant's place of residence was a source of narcotics trafficking, even though defendant was not charged with the crime of trafficking, can reasonably be evaluated as circumstances inimical to the interests of society and a predominant factor against diversion because abandonment of the prosecution would be more harmful to society than admission into PTI would be beneficial to defendant. That evaluation, one reflected in the prosecutor's rejection here since it logically follows from his reliance on the nature of the crime guideline, does not rise to the level of a patent and gross abuse of discretion. Moreover, it is not an egregious example of injustice or unfairness.
Affirmed.
NOTES
[1] Counsel have consented to Judge Brody's participation although he did not hear oral argument.
[2] A separation of powers doctrine dilemma could not arise as to the override of a program director's decision since the director is a member of the judicial family. See R. 3:28(b).