969 A.2d 519 (2009)
407 N.J. Super. 95
STATE of New Jersey, Plaintiff-Respondent,
v.
Robert Dwayne GREEN, Defendant-Appellant.
No. A-1892-07T4
Superior Court of New Jersey, Appellate Division.
Submitted April 20, 2009.
Decided May 12, 2009.
*520 Yvonne Smith Segars, Public Defender, for appellant (Daniel P. McNerney, Assistant Deputy Public Defender, of counsel and on the brief).
Luis A. Valentin, Monmouth County Prosecutor, for respondent (Mary R. Juliano, Assistant Prosecutor, of counsel and on the brief).
Before Judges LISA, REISNER and SAPP-PETERSON.
The opinion of the court was delivered by
REISNER, J.A.D.
Defendant Robert Dwayne Green pled guilty to third-degree distribution of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-5b(3), and was sentenced to two years probation. He appeals from the October 23, 2007 final judgment of conviction, contending that he was improperly excluded from the pre-trial intervention program (PTI). See R. 3:28(g).
Following his indictment for three related third-degree CDS offenses, based on his alleged sale of $150 worth of cocaine to an undercover detective, defendant attempted to apply to the Monmouth County Vicinage Criminal Division for admission to PTI. However, he received a Notice of PTI Ineligibility dated January 23, 2007 from the Criminal Division Manager. The notice advised that his case had "been pre-screened by the Monmouth County Criminal Division" and that defendant would not be permitted to apply for PTI without the prosecutor's written consent "in accordance with the guidelines for PTI outlined in" Rule 3:28.
The pre-printed notice checked off as the reasons for rejection: that defendant was charged with selling Schedule II narcotic drugs, an offense carrying a presumption of imprisonment; that the prosecutor had not joined in his application; and that defendant had not shown "compelling reasons justifying [his] admission and establishing that a decision against enrollment would be arbitrary and unreasonable" (citing Rule 3:28, Guidelines 2, 3i and 3e). However, it appears from the record that the Criminal Division never actually permitted defendant to apply and therefore never considered the possible merits of such an application.
Thereafter, defendant corresponded with the prosecutor's office, providing significant evidence of his rehabilitation during the period between the October 2005 incident on which the charges were based, and the January 2007 indictment. Stating that there was nothing "extraordinary" or "idiosyncratic" about defendant's situation, the prosecutor declined to join in a PTI application. Thereafter, it appears undisputed that the Criminal Division never actually considered an application from defendant, but instead precluded him from applying at all without the prosecutor's consent. On July 12, 2007, defendant filed a "Notice of Appeal from Pretrial Intervention (PTI) Rejection."
From the transcript of the oral argument of defendant's eventual PTI appeal, we discern that the Criminal Division's practice had been to preclude a defendant charged with certain crimes from applying for PTI without a letter of agreement from the prosecutor's office. While the judge *521 indicated on the record that the system had been revised, because it allowed the prosecutor to, in essence, "short-circuit" a defendant's right to even apply for PTI, it does not appear that Green had the benefit of any such change.
In response to defense counsel's inquiry, the judge responded that defendant was "arguing for the ability to apply" to PTI. The judge confirmed that "if I grant the ability to apply, I'm not putting the defendant into the PTI Program. I'm then allowing the director [of the Criminal Division] to do a full evaluation" and make a recommendation. While acknowledging that defendant had not even been allowed to apply for PTI, the judge nonetheless rejected the appeal on the grounds that the prosecutor's refusal to join in the application was not a gross and patent abuse of discretion. We conclude this was error.
We do not reach defendant's appellate contentions concerning whether he should have been admitted to PTI. Instead, we reverse and remand this matter on procedural grounds, because we conclude that defendant was mistakenly deprived of the opportunity to apply for PTI.
It is clear from Rule 3:28 that the Criminal Division must at least allow a defendant to submit an application to PTI, and must evaluate the application:
Application for pretrial intervention shall be made at the earliest possible opportunity, including before indictment, but in any event no later than twenty-eight days after indictment. The criminal division manager shall complete the evaluation and make a recommendation within twenty-five days of the filing of the application. The prosecutor shall complete a review of the application and inform the court and defendant within fourteen days of the receipt of the criminal division manager's recommendation. [R. 3:28(h).]
See State v. Brooks, 175 N.J. 215, 223-24, 814 A.2d 1051 (2002).
The PTI Guidelines explicitly provide that all defendants must be permitted to apply, and the Criminal Division Manager must consider the merits of the application:

Any defendant accused of crime shall be eligible for admission into a PTI program. When the application indicates factors which would ordinarily lead to exclusion under the guidelines ... the applicant nevertheless shall have the opportunity to present to the criminal division manager, and through the criminal division manager to the prosecutor, any facts or materials demonstrating the defendant's amenability to the rehabilitative process, showing compelling reasons justifying the defendant's admission, and establishing that a decision against enrollment would be arbitrary and unreasonable.
[R. 3:28, Guideline 2 (emphasis added).]
Guideline 3(i) does provide that defendants charged with the sale of Schedule I or II narcotic drugs "should ordinarily not be considered for enrollment" in PTI unless the prosecutor joins in the application. However, this does not mean that such defendants can be denied the opportunity to apply in the first place.
Guideline 3(i) further provides that even "in such cases, the applicant shall have the opportunity to present to the criminal division manager, and through the criminal division manager to the prosecutor, any facts or materials demonstrating the applicant's amenability to the rehabilitation process ..." Ibid. (emphasis added). See also Pressler, Current N.J. Court Rules, Official Comment on Guideline 3(i) to R. 3:28 (2009). While the prosecutor has enormous influence over a defendant's admission to PTI, the Criminal Division *522 Manager cannot short-circuit a defendant's statutory right to apply for PTI, even if the application is unlikely to receive a favorable recommendation.[1]
We gather from the record that the Monmouth Criminal Division changed its procedures to recognize these principles, but this defendant did not have the benefit of the new procedures. Because defendant was not given the opportunity to make his application to the Criminal Division Manager, we reverse the order on appeal and remand to permit defendant to submit his PTI application to the Criminal Division Manager, who shall consider the application on its merits.
Reversed and remanded.
NOTES
[1] As illustrated in State v. Negran, 178 N.J. 73, 78-79, 835 A.2d 301 (2003), there will be times when the Criminal Division Manager supports a defendant's admission to PTI, while the prosecutor opposes it; the prosecutor's views do not always prevail. Id. at 83-85, 835 A.2d 301.