997 A.2d 242 (2010)
413 N.J. Super. 556
STATE of New Jersey, Plaintiff-Respondent,
v.
Robert Dwayne GREEN, Defendant-Appellant.
DOCKET NO. A-1892-07T4.
Superior Court of New Jersey, Appellate Division.
Submitted April 20, 2009.
Decided May 12, 2009.
Remanded October 10, 2009.
Argued Telephonically April 27, 2010.
Decided June 7, 2010.
*243 Daniel P. McNerney, Designated Counsel, Hackensack, argued the cause for appellant (Yvonne Smith Segars, Public Defender, attorney; Mr. McNerney, of counsel and on the brief).
Patricia Bowen Quelch, Assistant Prosecutor, argued the cause for respondent (Luis A. Valentin, Monmouth County Prosecutor, attorney; Carey J. Huff, Assistant Prosecutor, of counsel and on the brief).
Before Judges LISA, REISNER and SAPP-PETERSON.
The opinion of the court was delivered by
REISNER, J.A.D.
This case is before us on remand from the Supreme Court. The case arose from a Law Division order denying defendant Robert Green's appeal from his exclusion from the pre-trial intervention program (PTI). In our opinion, we concluded, based on the record then before us, that Green had not been permitted to apply for PTI. State v. Green, 407 N.J.Super. 95, 969 A.2d 519 (App.Div.), remanded, 200 N.J. 471, 983 A.2d 197 (2009). At the heart of our decision remanding the case was our conclusion that under Rule 3:28, every defendant has a right to apply for PTI, even if the application might have a slim chance of being approved. Id. at 98-99, 969 A.2d 519; R. 3:28, Guideline 2.
At the time Green attempted to apply for PTI, it was the practice of the criminal division manager's office not to accept applications from defendants charged with certain offenses unless the prosecutor's office joined in the applications. It was clear from the record that the policy had changed while defendant's case was pending in the trial court, but it appeared that he had not been given the benefit of the new policy. Id. at 99, 969 A.2d 519. We therefore remanded the case to the trial court with direction that he be permitted to apply for PTI. Ibid. We did not address the merits of his application or of the prosecutor's determination that he did not qualify for PTI.
The State petitioned for certification from our decision and filed a motion to supplement the record with materials intended to show that defendant had been permitted to apply for PTI under the new policy. The Court granted the motion and *244 remanded the case to us to reconsider in light of the supplemental materials. On remand, we required the parties to submit supplemental briefs and we heard oral argument. We now conclude that a remand to the trial court remains the appropriate disposition of the appeal.
The supplemental materials include a June 11, 2009 certification from the vicinage PTI director. She attested that in June 2007, the vicinage PTI program adopted a new procedure under which defendants deemed "conditionally ineligible" for PTI were given a document intended to advise them of their right to apply to PTI, but also advising them that they needed to get the prosecutor's consent or to show compelling reasons for admission to PTI. We have reviewed this form. It is captioned "Notice of Pretrial Intervention (PTI) Ineligibility," and the first sentence unequivocally states: "Your case has been pre-screened by the Monmouth Vicinage Criminal Division and found to be ineligible pursuant to R. 3:28."
Several lines below this sentence, the form lists offenses that under Guideline 3 would create a rebuttable presumption of ineligibility. Below that list, the form advises that "[i]n the event you still wish to apply for PTI and have compelling reasons to do so, application should be made no later than 28 days after indictment." The form further advises that the prosecutor must join in the application in writing, or "[i]f the Prosecutor does not join in, this must also be in writing and compelling reasons must be submitted justifying your admission.... The compelling reasons must be submitted to the Criminal Division within ten (10) days of notice from the Prosecutor."
The PTI director's certification also attested that since our 2009 decision in this case, "[t]he June 2007 revised procedure has been suspended." Instead, "[p]resently, every application filed by a defendant is given a full work-up regardless of eligibility or the timeliness of the filing." According to the State's brief, this "work-up" includes an interview with every defendant.
The supplemental materials also reveal the following history pertinent to defendant's situation. After defendant filed a motion in the trial court to require the PTI program to accept and process his application, the criminal division finally allowed him to submit a PTI application, which he completed on April 13, 2007. The first page of the application form notified defendant that if he was not drug dependent and was accused of selling narcotic drugs "the prosecutor must join in your application or you must show compelling reason[s] justifying your admission to the program." However, the application did not ask him to describe his compelling reasons for PTI admission or to provide any supporting documentation.
On April 17, 2007, four days after defendant filed his PTI application, the PTI director issued a Notice of PTI Ineligibility form, noting at the bottom of the form that the prosecutor had not joined in the application; that defendant's "compelling reasons" had been received on April 17, 2007;[1] and that "[t]he Director defers to the Monmouth County Prosecutor for a *245 determination on compelling reasons." Thereafter, by letter dated May 10, 2007, the prosecutor's office rejected defendant's application. However, even though defendant was permitted to apply for PTI, there is no indication on this record that the criminal division manager ever considered the merits of the application, including defendant's statement of compelling reasons and supporting documentation, or the prosecutor's evaluation of the application.
We agree that the criminal division may evaluate the merits of a PTI application when it is first submitted, or may withhold evaluation of an application until the prosecutor has considered it. For example, where a defendant is accused of drug distribution and is not drug dependent, there is a rebuttable presumption against PTI eligibility unless the prosecutor joins in the application or defendant can show compelling reasons for admission to the program. R. 3:28; Guideline 3(i). We perceive nothing unreasonable in the criminal division waiting for the prosecutor's evaluation before considering the application, including the defendant's statement of compelling reasons for admission into PTI. However, at some point the criminal division must consider the merits of the application, even if that evaluation is expressed in a very brief recommendation adopting the prosecutor's rationale for rejecting the application. See R. 3:28(h) ("The criminal division manager shall complete the evaluation and make a recommendation...."); State v. Nwobu, 139 N.J. 236, 250, 652 A.2d 1209 (1995) (The prosecutor may incorporate by reference the criminal division manager's recommendation).
We do not mean to imply that the PTI staff must engage in a full "work-up" of every application, including an in-depth interview with every defendant where under the Guidelines there is a rebuttable presumption against eligibility. Our point is simply that the court's PTI program must actually consider the merits of the defendant's application and provide a recommendation based on that consideration. The criminal division may not "defer" to the prosecutor in the sense of declining in advance to give any consideration to the merits of a defendant's application unless the prosecutor joins in the application. The latter form of "deference" gives the prosecutor complete control over the PTI application process, while abdicating the role of the court-managed PTI program in evaluating PTI applications. It also deprives the Law Division judge of the criminal division manager's independent evaluation of the application, in case there is a PTI appeal.[2]
We further conclude that the Notice of PTI Ineligibility, while no doubt well-intentioned, is confusing. By lumping together applicants who are ineligible with those who are eligible but have hurdles to overcome, the form may discourage eligible defendants from applying for PTI. Any defendant reading the form could readily conclude that he or she was "ineligible" for PTI and should not apply. Moreover, as a practical matter, it makes sense for a defendant in Green's position to provide compelling reasons for admission to PTI at the beginning of the process *246 rather than waiting for the prosecutor to reject his application and then submitting the compelling reasons. Yet the PTI application does not have a section directing or inviting an applicant to list compelling reasons and provide supporting documentation. At a minimum, PTI forms and directions should explain, in plain language that would make sense to a defendant, the criteria for admission to the program and the process for applying.
The Criminal Practice Committee may wish to consider developing a uniform set of PTI application forms and directions, and uniform procedures to be used in processing those applications.
We remand this case to the trial court to reconsider defendant's PTI appeal, after the PTI director considers the merits of the application and provides a recommendation to the trial court.
Remanded.
NOTES
[1] This apparently was a reference to a letter defendant's counsel had sent to the Prosecutor's Office on February 21, 2007, with an enclosed recommendation letter from defendant's employer. The attorney's letter appeared to be an attempt to line up the prosecutor's support for PTI, consistent with the criminal division's then-existing policy that defendants in Green's situation could not apply for PTI unless the prosecutor joined in the application. The prosecutor's office did not respond, and defendant subsequently filed his motion to require the criminal division manager to process his PTI application. The prosecutor's March 16, 2007 response was that the motion was premature because defendant had not yet filed a PTI application.
[2] The State's reliance on State v. Rosario, 237 N.J.Super. 63, 67, 566 A.2d 1173 (App.Div. 1989), certif. denied, 122 N.J. 139, 584 A.2d 212 (1990), is misplaced. The streamlined PTI process at issue in Rosario was part of Camden County's Speedy Trial Program, which the Supreme Court had approved. Ibid. See Nwobu, supra, 139 N.J. at 251, 652 A.2d 1209 (noting our acknowledgement in Rosario that "[i]n the speedy-trial context" the prosecutor and PTI director "need not be equally involved in each PTI application").