**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4896-14T3

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

AUSTIN P. BACINO,

    Defendant-Appellant.

_____

Submitted March 14, 2017 — Decided April 3, 2017

Before Judges Reisner and Rothstadt.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 14-09-0926.

Joseph E. Krakora, Public Defender, attorney for appellant (Joshua D. Sanders, Assistant Deputy Public Defender, of counsel and on the brief).

Robert D. Bernardi, Burlington County Prosecutor, attorney for respondent (Jennifer B. Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

    Defendant Austin P. Bacino appeals from his rejection from the pre-trial intervention program (PTI). We remand this case to

the PTI director and the prosecutor, to reconsider defendant's application and render a written decision that considers defendant's individual circumstances.

Defendant was indicted on charges of third-degree conspiracy to distribute marijuana within 1000 feet of a school, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:35-7.1, and fourth-degree conspiracy to distribute less than an ounce of marijuana, N.J.S.A. 2C:5-2(a)(1) and N.J.S.A. 2C:35-5(a)(1). He was also charged with two disorderly persons offenses - loitering and violating a municipal ordinance. The PTI director rejected defendant's application on October 24, 2014. The director's statement of reasons relied exclusively on the fact that defendant was charged with school zone drug distribution, which was "part of a criminal business/enterprise." The statement noted that defendant's arrest resulted from a lengthy investigation by law enforcement, and that the execution of a search warrant revealed drug paraphernalia. The prosecutor did not issue a separate decision.

In his PTI appeal to the Law Division judge, defendant pointed out that the rejection decision did not acknowledge that the search related to premises owned by an older adult who was apparently the ringleader in a drug distribution operation, and that defendant did not live on the premises and was not arrested there. He also contended that the statement did not consider that defendant was

not charged with school zone drug distribution but rather with conspiracy. Defendant further argued that the PTI director did not take into account his individual characteristics, including his relative youth at age twenty-one, the influence of his older co-defendants, his lack of an adult criminal record, the fact that the crime was non-violent, and that he was amenable to rehabilitation through PTI.

In response, the prosecutor's office submitted a letter focusing on the culpability of Mr. and Mrs. Gregory, the couple who were apparently the main targets of the police investigation and who owned the premises that were the subject of the search warrant. However, the letter also cited evidence, albeit of uncharged allegations, supporting a conclusion that defendant was selling marijuana supplied by Mr. and Mrs. Gregory or their associates. The State contended that his participation in a criminal business enterprise sufficed to warrant his rejection from PTI.

The letter also baldly asserted, without citing any specifics or analysis, that the PTI director must have considered "defendant's age, employment status, education, and lack of criminal record." The prosecutor offered no separate analysis or indication that the prosecutor had considered those factors. The letter did not even proffer an argument as to why defendant's

A-4896-14T3

individual characteristics did not outweigh the seriousness of the crime with which he was charged.

At oral argument of the PTI appeal, the prosecutor conceded that the director's decision was inartfully worded. The prosecutor argued that in substance, the decision was adequate, but suggested that if the judge believed that it was insufficient, the court "could certainly remand it to criminal case management." In an oral statement of reasons, the judge determined that it was not a gross and patent abuse of discretion for the PTI director to rely exclusively on defendant's participation in a criminal business enterprise. Thereafter, defendant entered into a plea agreement, pled guilty to fourth-degree conspiracy to possess marijuana with intent to distribute, and was sentenced to a year of probation.

On this appeal, our review is limited. If a prosecutor's decision evinces consideration of all appropriate factors, it will not be disturbed absent a showing that it was a gross and patent abuse of discretion. State v. K.S., 220 N.J. 190, 200 (2015). However, if the prosecutor - or the program director, on whose decision the prosecutor relies - fails to consider all relevant factors, a remand is appropriate. Ibid.

Having reviewed the record, we conclude that remand is required. We acknowledge that the PTI Guidelines, Guideline 3(i)(2), provides that if a defendant is charged with a crime that

was "part of a continuing criminal business or enterprise" his or her "application should generally be rejected." However, such a defendant is still entitled to "present facts" demonstrating his or her "amenability to the rehabilitative process, showing compelling reasons justifying the applicant's admission and establishing that a decision against enrollment would be arbitrary and unreasonable." Ibid. Moreover, "the program director and prosecutor 'must actually consider the merits of the defendant's application.'" K.S., supra, 220 N.J. at 198 (quoting State v. Green, 413 N.J. Super. 556, 561 (App. Div. 2010)).

We further acknowledge that, "[a]bsent evidence to the contrary, a reviewing court must assume that all relevant factors were considered by the prosecutor's office." State v. Baynes, 148 N.J. 434, 444 (1997). However, on this record, we can fairly infer that no consideration was given to any factor other than defendant's alleged participation in the Gregory family's ongoing criminal business. Because neither the PTI director nor the prosecutor gave any consideration to defendant's individual characteristics, or the list of factors set forth in N.J.S.A. 2C:43-12(e), which "[p]rosecutors and program directors shall consider" in making a PTI recommendation, defendant was not given a meaningful opportunity to meet his burden. See K.S., supra, 220 N.J. at 198.

As in State v. Caliguiri, 158 N.J. 28 (1999), such a one-sided evaluation of the PTI application warrants a remand:

> The school zone statute creates the presumption against PTI, and cannot also provide the reason Caliguiri fails to overcome that presumption. To endorse the State's position would effectively create a de facto rule against PTI for N.J.S.A. 2C:35-7 offenders. Rejection based solely on the nature of the offense is appropriate only if the offender fails to rebut the presumption against diversion.
>
> A remand is appropriate because the prosecutor failed to consider all the relevant factors. Caliguiri's application was rejected solely because he committed a school zone offense.
>
> [Id. at 43-44.]

Accordingly, we remand defendant's PTI application to the director for reconsideration, to be followed by evaluation and reconsideration by the prosecutor. We imply no view as to whether defendant should be admitted to PTI, but only that the director must consider the information defendant submits and render a written decision evincing that consideration. Thereafter, the prosecutor must either issue a separate written decision or a letter indicating reliance on the director's decision. Defendant will have the right to appeal to the Law Division if he is again rejected from PTI.

Remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4896-14T3