**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1758-17T2

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

EDUARDO CALDERON-MARIN,
a/k/a EDUARDO G. CALDERON, and
EDUARDO G. MARIN,

     Defendant-Appellant.

_____

          Submitted October 30, 2018 – Decided December 3, 2018

          Before Judges Suter and Firko.

          On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 12-05-0397.

          Michael S. Allongo, attorney for appellant (Michael J. Cennimo, on the brief).

          Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Thomas G. Walsh, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Eduardo Calderon-Marin appeals from an order denying his motion to withdraw his guilty plea and his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

I.

On April 28, 2012, after defendant was stopped by a South Bound Brook police officer, he "took off" when the officer exited his vehicle and made several turns before parking outside of defendant's residence. He was issued a summons for being an unlicensed driver, N.J.S.A. 39:3-10(b), and other violations not pertinent to our review.

In May 2012, the Somerset County Grand Jury indicted defendant with third-degree eluding law enforcement officer by means of flight, N.J.S.A. 2C:29-2(b) (count one), and six motor vehicle offenses. Thereafter, defendant pled guilty to driving while suspended, N.J.S.A. 39:3-40, and unlicensed operation of a motor vehicle, N.J.S.A. 39:3-10(b). He was sentenced to three years of probation with 180 days incarceration in the Somerset County jail, which equated to time served. An Immigration Customs Enforcement (I.C.E.) detainer was lodged against defendant while he was incarcerated, which resulted in elimination of the community service requirement and dismissal of one of the motor vehicle summonses. Defendant did not appeal his conviction or sentence.

At all relevant times during these proceedings, defendant was represented by Richard P. Schubach, Esq., who is now deceased.

Judge Kevin M. Shanahan heard oral argument on defendant's PCR petition and motion on October 31, 2017, and issued a detailed thirty-three page written opinion denying both applications. The judge rejected defendant's claim that he simply "took off" during the stop, and had no intent to elude police, reasoning that:

> The factual basis provided by [defendant] on October 5, 2012 was more than sufficient to satisfy every element of the crime, and therefore trial counsel could not have been ineffective in eliciting said factual basis.

In relying upon testimony elicited during the plea colloquy, the judge considered the following questions posed to defendant by Mr. Schubach:

> Q: Mr. Calderon-Marin, directing your attention to April 28th of 2012, . . . [were] you operating a motor vehicle in the Borough of South Bound Brook at approximately 7:42 p.m. at night?
>
> A: Yes.
>
> Q: At around that time a South Bound Brook police officer in a marked vehicle stopped your motor vehicle, correct?
>
> A: Correct.
>
> Q: And when I say your motor vehicle[,] I mean the motor vehicle you were driving, operating?

A:   Yes.

Q:   And when the police officer came and attempt[ed] to approach your vehicle[,] you put your motor vehicle in gear and took off?

A:   Yes.

Q:   You made various turns and then you finally stopped outside where your residence was, is that correct?

A:   Yes.

Q:   And you knew you should have stopped for the police officer when he first stopped your car, correct?

A:   Yes.

Q:   And you knew you shouldn't have taken off when the officer approached your vehicle, correct?

A:   Yes.

Q:   But you did take off from the officer, correct?

A:   Yes.

Q:   And you knew that your driver's license was suspended?

A:   Yes.

Q:   You had no privileges in the State of New Jersey to operate a motor vehicle.

4

A:     Yes.

Q.     And you didn't have a valid New Jersey driver's license, correct?

A.     Correct.

Q.     And you know that because four days earlier[,] April 24th[,] you were stopped by a Bridgewater police officer and issued summons for being[,] among other things[,] driving while revoked and being an unlicensed driver, correct?

A.     Correct.

The judge concluded that defendant's intent was clear, based upon all of the above findings of fact, stating that:

> [defendant] knew he was stopped by a police officer and after being signaled to stop, by virtue of his own admission . . . the fact that it was a marked police car that effectuated the stop[,] and due to the fact that [defendant] did, at first, pull over when stopped by police.

Defendant never alleged that he "unconsciously and unintentionally eluded the police officer," and the judge was convinced that "counsel was not ineffective in eliciting a proper factual basis from defendant." The judge also found that "[defendant] should have had a heightened sense of awareness of his need to stop due to being pulled over and issued summonses for driving while revoked and being an unlicensed driver only four days prior."

5

II.

Judge Shanahan next found that defendant failed to establish a prima facie case of ineffective assistance of counsel with respect to his remaining allegations. These included defendant's claims that his counsel did not apply for Pre-Trial Intervention (PTI); and that his attorney did not timely file a motion to withdraw the plea closer in time to the date of plea or sentencing; or file an appeal. Based on the detailed findings set forth in his opinion, Judge Shanahan concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

On appeal, defendant presents the following point headings for our consideration:

> POINT I
>
> THE COURT COMMITTED HARMFUL ERROR IN RULING THAT THE FACTUAL BASIS FOR THE GUILTY PLEA WAS ADEQUATE BECAUSE THE PLEA DID NOT IN FACT ADDRESS A NECESSARY ELEMENT OF THE OFFENSE, NAMELY THE INTENT TO ELUDE LAW ENFORCEMENT.

A-1758-17T2

POINT II

THE COURT COMMITTED HARMFUL ERROR IN RULING THAT COUNSEL'S FAILURE TO APPLY PETITIONER TO PTI WAS SOUND STRATEGY SINCE THE COURT PREMISED THIS RULING ON THE INCORRECT AND UNSUPPORTED SUPPOSITION THAT PETITIONER'S IMMIGRATION STATUS COMBINED WITH HIS HISTORY OF TRAFFIC OFFENSES WOULD HAVE PRECLUDED HIM FROM BEING ACCEPTED TO PTI.

POINT III

THE COURT COMMITED HARMFUL ERROR IN RULING THAT PETITIONER FAILED TO ESTABLISH A COLORABLE CLAIM OF INNOCENCE BECAUSE THE COURT INCORRECTLY RULED THAT THE FACTUAL BASIS OF THE GUILTY PLEA WAS ADEQUATE AND THEREFORE CONSTITUTED AN ADMISSION OF GUILT.

POINT IV

THE COURT ERRED IN RULING THAT PETITIONER FAILED TO PROVE A PRIMA FACIE CASE OF INEFFECTIVE ASSISTANCE OF COUNSEL BECAUSE THIS RULING WAS PREMISED ON ASSUMPTIONS AND CONJECTURE REGARDING COUNSEL'S DECISIONS AND CONDUCT THAT ARE NOT SUPPORTED BY THE RECORD OR BY ANY OTHER EVIDENCE, THUS CONSTITUTING PLAIN ERROR (NOT RAISED BELOW).

## III.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, entitlement to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013) (citing State v. Preciose, 129 N.J. 451, 459 (1992)). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). The United States Supreme Court has extended these principles to a criminal defense

attorney's representation of an accused in connection with a plea negotiation. Lafler v. Cooper, 566 U.S. 156, 162 (2012); Missouri v. Frye, 566 U.S. 134, 144 (2012).

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, a defendant must demonstrate with "reasonable probability" that the result would have been different had he received proper advice from his trial attorney. Lafler, 566 U.S. at 163 (citing Strickland, 466 U.S. at 694).

"[F]or mixed questions of law and fact, [this Court] give[s] deference . . . to the supported factual findings of the trial court, but review[s] de novo the lower court's application of any legal rules to such factual findings." (citing State v. Harris, 181 N.J. 391, 416 (2015) (alterations in original)).

With respect to defendant's argument that the factual basis for the plea was inadequate, we disagree. We note that most of the questions asked by counsel before the court accepted the plea called for a monosyllabic yes or no response, and that defendant provided an affirmative answer where appropriate. He admitted that he "took off" once he had been signaled to stop, yet claims this

does not constitute an intent to elude or evade as a necessary element pursuant to N.J.S.A. 2C:29-2(b). We disagree. The statute provides proof beyond a reasonable doubt that defendant:

> knowingly fle[d] or attempt[ed] to elude any police or law enforcement officer after having received any signal from such officer to bring the vehicle or vessel to a full stop commits a crime of the third degree; except that, a person is guilty of a crime of the second degree if the flight or attempt to elude creates a risk of death or injury to any person.

In his PCR petition, defendant asserted that his trial counsel was ineffective by allowing him to plead guilty to the eluding violation since he did not have the requisite intent to elude the officer at the time of the stop, relying upon State v. Mendez, 345 N.J. Super. 498 (App. Div. 2001). In Mendez, we noted that "the culpability requirement of the conduct element of eluding is 'knowingly' rather than 'purposely'". Id. at 509. Thus, the State was only required to prove he was "aware" that he was fleeing the officer. Ibid.

Judge Shanahan duly found that defendant's responses made "clear that he knew he was stopped by a police officer after being signaled to stop, by virtue of his own admission, by virtue of the fact that it was a marked police car that effectuated the stop, and due to the fact that [defendant] did, at first, pull over when stopped by police." The judge also found that [defendant] "admitted to

committing the act of fleeing or attempting to elude."  The judge's analysis was correct.  We therefore disagree with defendant's contention that the factual basis of the plea was inadequate.

IV.

We next address whether trial counsel's actions were deficient in failing to seek defendant's entry into PTI.  Defendant argues that his lack of a prior criminal record, and the nature and circumstances of the offenses, warranted at least an attempt by his counsel to secure PTI.  He further argues, citing State v. Green, 407 N.J. Super. 95, 98 (App. Div. 2009), that, "[t]he PTI Guidelines explicitly provide that all defendants must be permitted to apply . . . ."

Judge Shanahan appropriately determined that defendant "had a lengthy history of motor vehicle offenses, including several suspended license violations, and an I.C.E. detainer was lodged against him while he was in jail."

In relying upon State v. Watkins, 193 N.J. 507, 513 (2008), the judge noted:

> The primary purpose of [PTI] is to assist in the rehabilitation of worthy defendants, and, in the process, to spare them the rigors of the criminal justice system. Eligibility is broad and includes all defendants who demonstrate the will to effect necessary behavioral change such that society can have confidence that they will not engage in future criminality.

[(quoting N.J.S.A. 2C:43-12(e).]

The judge highlighted defendant's extensive history of motor vehicle violations committed just four days prior to the instant offense, for being an unlicensed driver, failing to keep right, operating a vehicle while his license was suspended, and not having a liability or insurance card. Indeed, the judge found this conduct amounted to "a continuing pattern of anti-social behavior[,]" pursuant to N.J.S.A. 2C:43-12(e)(8). Further, defendant's "status as an illegal immigrant surely militated against the likelihood of PTI" as noted by the judge. Deportation seemed inevitable here, and defendant acknowledged this on the record during the guilty plea colloquy. Compliance with PTI would have been physically impossible due to the I.C.E. detainer. We agree with the judge that "it was sound trial strategy to not apply to PTI, as [defendant's] hypothetical application had a strong likelihood of being rejected given his continuing pattern of anti-social behavior . . . ."

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, a defendant must demonstrate with "reasonable

12

probability" that the result would have been different had he received proper advice from his trial attorney.  Lafler, 566 U.S. at 163 (citation omitted).

As noted, our standard of review gives deference to the PCR judge's fact findings.  Nash, 212 N.J. at 540.  "In such circumstances we will uphold the PCR court's findings that are supported by sufficient credible evidence in the record."  Ibid.  Here, defendant has not shown that Judge Shanahan's findings were "'so wide of the mark' as to result in a manifest injustice."  State v. J.D., 211 N.J. 344, 354 (2012) (quoting State v. Brown, 170 N.J. 138, 147 (2001)).

Judge Shanahan also appropriately determined that defendant's remaining ineffective assistance of counsel arguments were without sufficient merit under the Strickland standard to present a prima facie case.  See Cummings, 321 N.J. Super. at 170.  We agree.

We have considered defendant's contentions in light of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).  We affirm substantially for the reasons expressed by Judge Shanahan in his well-reasoned written opinion.

Affirm.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13

A-1758-17T2