**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3132-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

R.M.M.,[1]

    Defendant-Appellant.

_____

          Submitted March 6, 2019 – Decided April 2, 2019

          Before Judges Koblitz and Mayer.

          On appeal from Superior Court of New Jersey, Law Division, Somerset County, Indictment No. 17-06-0300.

          Joseph E. Krakora, Public Defender, attorney for appellant (Margaret R. McLane, Assistant Deputy Public Defender, of counsel and on the brief).

          Michael H. Robertson, Somerset County Prosecutor, attorney for respondent (Paul H. Heinzel, Assistant Prosecutor, of counsel and on the brief).

---

[1] We use initials to protect defendant's privacy.

PER CURIAM

Defendant R.M.M. appeals from a February 1, 2018 judgment of conviction. Specifically, she appeals from the denial of her application for admission into the pretrial intervention program (PTI). For the reasons that follow, we vacate the denial and remand for reconsideration of defendant's PTI application.

Defendant was charged with third-degree resisting arrest, N.J.S.A. 2C:29-2(a)(3)(A), and applied for PTI. The Criminal Division Manager (CDM), who also serves as the PTI director, denied her application. Initially, the State did not oppose defendant's application, but subsequently changed its position and supported denial of PTI.

Defendant appealed the denial of PTI to the Law Division. On September 12, 2017, the judge denied defendant's PTI application. Thereafter, defendant pleaded guilty to resisting arrest and was sentenced to one year probation.

The facts giving rise to the resisting arrest charge are straightforward. The Hillsborough Police Department responded to a call from a local hotel, reporting a man kicked in the hotel's office door and tried to assault the manager. The caller reported a man and a woman ran down the street and were hiding in the

nearby woods. The officers searched the woods for the two individuals and found a man and defendant.

Defendant was charged with violently resisting the officers who tried to arrest her. No other charges were lodged against her.

At the time she applied for PTI, defendant was eighteen years old and lived at home with her parents and younger brothers. Defendant graduated from high school and was saving money to apply to college. She planned to attend a local community college to study environmental science and then transfer to a four-year university. Defendant sought admission to the PTI program because she was afraid a criminal conviction would ruin her chance of being admitted to college.

When defendant applied for PTI, she was working full-time at Starbucks. Defendant held various part-time jobs since she was sixteen years old. Her prior experience with the criminal justice system involved three juvenile adjudications. She had been placed on probation for those juvenile matters. The offense in this case was defendant's only adult arrest and conviction.

In her application for PTI, defendant said she was not the person who attempted to break into the hotel and assault the manager. Defendant explained she needed counseling to avoid associating with individuals who had criminal

3

tendencies. According to defendant, she was young and impressionable when the offense occurred and exercised poor judgment regarding the company she kept. Regarding the failure to follow the officers' instruction, defendant explained she was scared because the officers pointed guns and a Taser at her. In addition, defendant said she refused to follow the officers' instructions because the ground was swampy and covered with dense brush and poison ivy.

The CDM cited the "violent nature of the offense" and defendant's prior juvenile record as reasons for denying PTI. The CDM found that defendant's "prior record indicates a behavioral pattern not conducive to short-term rehabilitation and indicates PTI will not serve as a sufficient sanction to deter future criminal behavior. Furthermore, the public interest would best be served by her offense being prosecuted, not diverted." The prosecutor recited defendant's non-compliance with the conditions of her juvenile probation as a reason for denial of PTI.

The Law Division judge upheld the denial of defendant's PTI application, finding the CDM "did not fail to consider relevant factors of defendant's background," the CDM's reasons for rejection of defendant's application were "legally sufficient," and the denial was not an abuse of discretion. In addition, the judge concluded the State "conducted a thorough review of all the relevant

factors . . . . , including [d]efendant's traits and characteristics . . . ."  The judge determined defendant failed to demonstrate the prosecutor's adoption of the CDM's recommended rejection of PTI was a patent and gross abuse of discretion.

Defendant raises the following argument on appeal:

> THE TRIAL COURT ERRED IN FINDING THE STATE'S DENIAL OF DEFENDANT'S APPLICATION FOR PRE-TRIAL INTERVENTION WAS NOT AN ABUSE OF DISCRETION.

Our review of an appeal from denial of PTI is limited.  State v. Negran, 178 N.J. 73, 82 (2003).  If a prosecutor's decision demonstrates consideration of all appropriate factors, it will not be disturbed absent a showing that it was a patent and gross abuse of discretion.  State v. K.S., 220 N.J. 190, 200 (2015).  However, if the prosecutor – or the program director, on whose decision the prosecutor relies – fails to consider all relevant factors, a remand is appropriate. Ibid.

A defendant is entitled to present facts demonstrating his or her "amenability to the rehabilitative process, showing compelling reasons justifying the applicant's admission and establishing that a decision against enrollment would be arbitrary and unreasonable."  State v. Coursey, 445 N.J. Super. 506, 510 (App. Div. 2016) (quoting Guidelines for Operation of Pretrial

Intervention in New Jersey, Pressler & Verniero, <u>Current N.J. Court Rules</u>, Guideline 3(i), following <u>R.</u> 3:28 at 1190 (2016)). A PTI program director and a prosecutor are required to "actually consider the merits of the defendant's application." <u>K.S.</u>, 220 N.J. at 198 (quoting <u>State v. Green</u>, 413 N.J. Super. 556, 561 (App. Div. 2010)).

Where a defendant has demonstrated an abuse of discretion, but not the higher standard of showing a patent and gross abuse of discretion, a remand is proper.

> When a reviewing court determines that the 'prosecutor's decision was arbitrary, irrational, or otherwise an abuse of discretion, but not a patent and gross abuse' of discretion, the reviewing court may remand to the prosecutor for further consideration. Remand is the proper remedy when, for example, the prosecutor considers an inappropriate factor, or fails to consider relevant factors.
>
> [<u>Id.</u> at 200 (citation omitted) (quoting <u>State v. Dalglish</u>, 86 N.J. 503, 509-10 (1981)).]

In this case, we conclude a remand is appropriate because the CDM and the prosecutor failed to give consideration to defendant's individual characteristics, including the following: her small stature relative to the officers who made the arrest; her youth at the time of the offense; consideration that her offense was unrelated to the property damage and attempted assault of the hotel

6

manager; her amenability to rehabilitation; her need for counseling to address her judgment in selecting acquaintances; her lack of any prior adult offenses; her strong family bond; her graduation from high school; her desire to attend a four-year college; and her attaining a full-time job after graduating high school so she could enroll in college. Neither the CDM nor the prosecutor analyzed the list of factors set forth in N.J.S.A. 2C:43-12(e), which are required to be considered in making a PTI recommendation. See K.S., 200 N.J. at 198. Defendant's PTI application was rejected almost exclusively on her three prior juvenile adjudications without consideration of other relevant factors.

Accordingly, we remand this case to the CDM and the prosecutor to reevaluate defendant's application, considering defendant's individual characteristics and circumstances. In so holding, we do not imply any view as to whether defendant should be admitted to PTI.

Vacated and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3132-17T4