STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. J.C. SMITH, DEFENDANT-RESPONDENT.

Argued December 7, 1982—Decided February 16, 1983.

144

*Gary H. Schlyen,* Senior Assistant Prosecutor, argued the cause for appellant (*Joseph A. Falcone,* Passaic County Prosecutor, attorney).

*William T. Petrina* argued the cause for respondent.

The opinion of the Court was delivered by

O'HERN, J.

We granted leave to appeal to consider what effect the weight of the evidence of guilt should have on an application for admission to pretrial intervention (PTI). We hold that, although the nature of the offense is one of the multiple factors that a program director or prosecutor may consider, a court may not reverse an otherwise well-founded PTI decision because of the insufficiency of evidence of guilt. Accordingly, we reverse the judgment below admitting the defendant to PTI.

Following surveillance of activities at 357 Highland Avenue, Passaic, warrants were issued to search second floor premises at that address and to arrest persons found there. When police executed the warrants, they discovered the other defendants, Helen Louise Martin and James Edward Hayes, on the premises, together with betting slips, notations, cash and gambling records dating back to 1973. They did not find this defendant there at that time.

The search disclosed evidence of Smith's possession or control of the premises: a mortgage statement listing Helen Louise Martin and J.C. Smith as owners, a 1979 tax bill from the City of Passaic in the same names, an electric and gas bill and a telephone bill, each in the names of Helen Martin and J.C. Smith. He was charged with promoting gambling, possession of gambling records, and maintenance of a gambling resort in violation of *N.J.S.A.* 2C:37–2 to –4.

Defendant applied for admission to PTI. He had no prior record; nonetheless the Passaic County Program Director recommended rejection primarily because he viewed the activities charged as "part of organized criminal activity" in violation of Supreme Court Guideline 3(i)(1), and found no other compelling reasons to justify admission. The prosecutor concurred. The trial court rejected this decision and admitted the defendant to PTI, primarily because it found insufficient evidence that defendant was in fact part of organized criminal activity. After granting leave to appeal, the Appellate Division affirmed in an unreported opinion. We granted the prosecutor's motion for leave to appeal, 91 *N.J.* 219 (1982), and now reverse.

The standards for review by a trial court of PTI applications are "firmly established" by our prior decisions. *State v. Dalglish,* 86 *N.J.* 503, 512 (1981). *See also State v. Sutton,* 80 *N.J.* 110 (1979); *State v. Maddocks,* 80 *N.J.* 98 (1979); *State v. Bender,* 80 *N.J.* 84 (1979). These cases require that a trial court find a patent and gross abuse of discretion before ordering enrollment in a PTI program without prosecutorial consent. To overturn a prosecutor's decision a party must show that that decision either failed to account for all the relevant factors, was based on irrelevant or inappropriate factors, or constituted a "clear error in judgment." *State v. Bender, supra,* 80 *N.J.* at 93. *Cf. State v. Humphreys,* 89 *N.J.* 4, 13 (1982) (standards for admission to conditional discharge under *N.J.S.A.* 24:21–27).

The factors appropriate for consideration appear in Supreme Court Guidelines for Operation of Pretrial Intervention in New Jersey and the New Jersey Code of Criminal Justice.[1] Both the Guidelines and the statute incorporate the tripartite decision process that characterizes the New Jersey PTI program.

---

[1] The Guidelines were amended after the hearings below without effect upon these proceedings.

The program director and prosecutor correctly considered as appropriate factors aspects of organized criminal activity of the offenses charged. Guideline 3(i) specifically directs that "[i]f the crime was (1) part of organized criminal activity; or (2) part of a continuing criminal business or enterprise ... the defendant's application should generally be rejected...." The Legislature's "all-encompassing" treatment of pretrial intervention, *State v. Collins*, 90 *N.J.* 449, 452 (1982), reflects a parallel concern. *N.J.S.A.* 2C:43–12 to –22. It directs that prosecutors and program directors shall consider in formulating their recommendations, among other criteria, "[a]ny involvement of the applicant with organized crime." *N.J.S.A.* 2C:43–12 e (13).

The applicant must receive the opportunity at a hearing to present "facts or materials demonstrating his amenability to the rehabilitative process, showing compelling reasons justifying his admission and establishing that a decision against enrollment would be arbitrary and unreasonable." Guideline 3(i). These PTI hearings focused primarily upon the weight and sufficiency of the evidence to link the defendant with illegal activity. It may be that a jury would find it insufficient to convict.[2] We do not believe, however, that that fact should dictate admission to PTI of a defendant charged with an offense that falls plainly within the category of offenses for which pretrial intervention is discouraged.

The question here was whether the prosecutor reasonably concluded that the defendant's conduct was part of organized criminal activity. Such asserted association with organized criminal activity cannot be fanciful or speculative. *See State v. Maddocks*, 80 *N.J.* 98, 109 (1979). But here the circumstances could hardly be regarded as on the "periphery" of criminal activity. *Id.* If found guilty of the offense, Smith would

---

[2]Defendant's counsel candidly conceded that a motion under *R.* 3:18–1 for judgment of acquittal on the ground that the evidence was insufficient to warrant a conviction on the charge probably would have failed,

necessarily have been involved with eight years of organized criminal activity.

Consideration of guilt or innocence is in fact inconsistent with Guideline 4 that conditions enrollment in PTI programs upon neither informal admission nor entry of a plea of guilt. The comment to that Guideline states that "[a] PTI program is presented to defendants as an opportunity to earn a dismissal of charges for social reasons and reasons of present and future behavior, legal guilt or innocence notwithstanding." There may be circumstances in which a prosecutor or program director considers the evidence of guilt as part of the "facts of the case," *N.J.S.A.* 2C:43-12 e (2), or as part of the "relevant circumstances" under Guideline 3 that help in evaluating an application for admission into pretrial intervention. But standing alone the weight of the evidence of guilt or innocence is not dispositive in a court's review of the evaluation of candidates. The statutory program aims to provide applicants "on an equal basis" with the opportunity to receive supervisory treatment to effectuate the overall purposes of the program. *N.J.S.A.* 2C:43-12 a (1).

Had the program director and prosecutor denied defendant's application on the basis that gambling offenders would never be admitted to PTI, such decision would have plainly conflicted with 2C:43-12 and the revised Guidelines that state that any defendant charged with an indictable offense is eligible for enrollment in a PTI program. Comment, Guideline 3, note 1. Such a misinterpretation of PTI Guidelines might have warranted a remand to the prosecutor for reconsideration of his decision. *State v. Dalglish, supra,* 86 *N.J.* at 515.

We understand the concern of the trial court for the defendant, who may have been innocently caught up in the circumstances at the premises. We believe, however, that the appropriate administration of the program militates against basing enrollment upon the weight of evidence of guilt.

The judgment admitting the defendant to pretrial intervention is reversed and the matter is remanded to the Law Division for further proceedings.

For reversal and remandment—Chief Justice WILENTZ and Justices CLIFFORD, SCHREIBER, HANDLER, POLLOCK, O'HERN and GARIBALDI—7.

For affirmance—None.