STATE v. MARGARET L. CATLIN AND JOSEPH W. CATLIN III, DEFENDANTS.

Superior Court of New Jersey
Law Division Burlington County

Decided January 22, 1987.

472

*Terrie-Anne Duda* for plaintiff (*Stephen G. Raymond,* Prosecutor of Burlington County, attorney).

*Ernest Bongiovanni* for defendants (*Timothy S. Hughes,* Deputy Public Defender, attorney).

HAINES, A.J.S.C.

Defendants, Margaret and Joseph Catlin, charged with welfare fraud, applied for admission to the pretrial intervention ("PTI") programs and were rejected. They have appealed that decision.

Many persons accused of welfare fraud have been admitted to the program routinely, notwithstanding *R.* 3:28, *Guideline* 3(i) which requires a showing of compelling reasons when the offense charged is "part of a continuing criminal business or enterprise." "Compelling reasons," by any definition, are rarely considered. Perhaps unspoken concerns about the financial condition of most such defendants, restitution and the substantial number of such cases appearing on crowded court dockets constitute such reasons. In any event, the need to show such reasons is not an issue here. There was only one ground for the Catlins' rejection: the refusal of the welfare board to consent to their admission.

*N.J.S.A.* 2C:43–12e(4) and *R.* 3:28, *Guideline* 3 require prosecutors and program directors to consider "(t)he desire of the complainant or victim to forego prosecution." The welfare board, responding to *N.J.A.C.* 10:87–11.1(c), uniformly requires welfare fraud defendants to sign a "Consent Disqualification Agreement" before it will consent to PTI admission. The consent form (1) advises defendant that s(he) has intentionally violated the law, (2) sets forth briefly the evidence supporting that conclusion, (3) warns that signing the form requires a disqualification from the food stamp program for a certain period of time, (4) provides information as to where free legal

advice may be obtained and (5) advises the accused of the right to remain silent. The form ends with the following statement:

I admit to the facts as presented and understand that a disqualification period of _____ will be imposed if I sign this waiver.

The Catlins refused to sign the form because they denied guilt. As a consequence, the welfare board refused to consent to their PTI admission which was therefore denied. This opinion concludes that the denial constituted an abuse of discretion, requiring a remand and reconsideration of the applications.

The director and the prosecutor are not to be blamed for the rejection. They followed a traditional path. The tradition, which calls for the automatic rejection of welfare fraud applicants, absent welfare board consent, was not examined until now. It is a tradition which does not comply with law.

Seventeen criteria must be considered by prosecutors and directors when reviewing a PTI application. One is victim consent. The lack of that consent does not *require* a PTI rejection, nor is it the weightiest of the 17 criteria. *See State v. Ridgway*, 208 *N.J.Super.* 118, 127 (Law Div.1985). *All* defendants charged with crime are eligible for PTI. *R.* 3:28, *Guideline* 2. Any automatic exclusion, whatever the basis, is arbitrary.

A welfare board, through its power to withold consent, cannot control a decision entrusted to the director and the prosecutor. This is emphatically so when the denial of consent is based upon a demand for an admission of guilt. A PTI applicant is not required to admit guilt and such an admission may be considered only when addressing the applicant's potential for rehabilitation. *State v. Maddocks*, 80 *N.J.* 98, 108 (1979); *State v. Smith*, 92 *N.J.* 143 (1983). This rule is as much violated by a rejection based upon a refusal to admit guilt to a third party as it is by a rejection based upon a refusal to admit guilt to a director.

The lack of welfare board consent is the only reason given for rejecting the Catlins' application. Consideration of

that fact was improper and a manifest abuse of discretion. *State v. Bender*, 80 *N.J.* 84 (1979). The matter is remanded with instructions to accept the applications unless a second rejection is based upon other reasons properly weighed.