**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4059-15T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

HANIYYAH ALI,

    Defendant-Respondent.

_____

Argued January 10, 2017 — Decided  February 21, 2017

Before Judges Ostrer and Leone.

On appeal from the Superior Court of New
Jersey, Law Division, Atlantic County,
Indictment No. 15-08-2031.

John J. Lafferty, IV, Special Deputy Attorney
General/Acting Assistant Prosecutor, argued
the cause for appellant (Diane M. Ruberton,
Acting Atlantic County Prosecutor, attorney;
Mr. Lafferty, of counsel and on the briefs).

Tamar Lerer, Assistant Deputy Public Defender,
argued the cause for respondent (Joseph E.
Krakora, Public Defender, attorney; Ms. Lerer,
of counsel and on the brief).

PER CURIAM

    The State appeals from the trial court's May 19, 2016, order

compelling defendant's enrollment in the Pretrial Intervention

Program (PTI) over the prosecutor's objection. In an August 2015 Atlantic County indictment, defendant, Haniyyah Ali, was originally charged with second-degree aggravated assault involving serious bodily injury, N.J.S.A. 2C:12-1(b)(1); third-degree possession of a weapon, a knife, for an unlawful purpose, N.J.S.A. 2C:39-4(d); and fourth-degree unlawful possession of a weapon, a knife, N.J.S.A. 2C:39-5(d).[1]

The State argues it did not engage in a gross and patent abuse of discretion in denying PTI admission; therefore, the State asks us to reverse the trial court's order and reinstate the denial of PTI. Defendant asks us to affirm the order. We shall do neither. Having considered the parties' arguments in light of the record and applicable law, we reverse the trial court's order, but we remand for reconsideration because the prosecutor may have applied a blanket rule to deny PTI whenever a violent crime victim

---

[1] The trial judge stated that the aggravated assault charge was amended in February 2016 to a third-degree charge. However, the record is not entirely clear on that point, as it does not include a conforming order, and the prosecutor stated in her April 2016 rejection letter that the prosecutor "may" amend the indicted charge to a third-degree charge "for the purposes of a plea." On the other hand, the criminal division manager's March 2016 rejection did not refer to the crime charged as one in the first or second-degree range. Also, in oral argument on the motion to compel admission to PTI, defense counsel asserted, without contradiction, that the indictment was amended on the record before a different judge. However, we have not been provided with the transcript.

objects to admission. As a result, the prosecutor may have disregarded relevant factors. See State v. Baynes, 148 N.J. 434, 445 (1997). Under such circumstances, even if a patent and gross abuse of discretion has not been established, a remand is appropriate. See State v. K.S., 220 N.J. 190, 200 (2015).

I.

When defendant applied for PTI, she had no prior criminal convictions, or adjudications of delinquency. This case was her first contact with the criminal justice system. She had overcome challenges of a disadvantaged youth and, before the incident, was gainfully employed as a New Jersey Transit bus driver. Defendant was also a twenty-five-year-old single mother of two children.

On June 9, 2015, after working a ten-hour shift, defendant headed to an Atlantic City playground to pick up her children. Her identical twin sister had been watching them for the day. As she approached the playground, a fight broke out involving her sister and several other women, including the victim, K.H. K.H. knew defendant and her sister because defendant's sister had a child with K.H.'s brother. In the course of the altercation, K.H. was stabbed near the armpit, suffered a partially collapsed lung, and was hospitalized for three days. According to a police report, the stab wound was caused by a four-inch-long knife.

A-4059-15T1

The State contends defendant stabbed K.H. K.H. alleged that after the fight initially stopped, defendant briefly returned to her vehicle, then approached K.H. again, and struck her in the chest. Only later did K.H. realize she was stabbed.

Defendant disputes the State's version of events. She contends K.H. and her cohorts were the aggressors. She also contests the allegation that she wielded a knife. The person who drove with defendant to the playground certified that she never returned to the vehicle during the altercation. According to a police report, K.H. initially identified her assailant as the mother of her brother's child — in other words, defendant's sister.

The criminal division manager rejected defendant's PTI application. She cited the violent nature of the offense charged, and Guideline 3(i). See Guidelines for Operation of Pretrial Intervention in New Jersey (Guidelines), Pressler & Verniero, Current N.J. Court Rules, Guideline 3(i) at 1235 (2017). She also noted the victim's opposition to defendant's admission into PTI. She acknowledged that defendant met "several factors for admission, including having no prior criminal history and a consistent history of employment[.]" However, "[t]he facts of this case and the wishes of the victim outweigh any benefits that would be realized through diversion."

The prosecutor concurred in the rejection. As did the criminal division manager, the prosecutor focused on the nature of the offense and the victim's opposition, which outweighed defendant's amenability to rehabilitation. After citing factors one (the nature of the offense), two (the facts of the case) and ten (whether the crime was of an assaultive or violent nature), see N.J.S.A. 2C:43-12(e)(1), (2), (10), she concluded that the violent and assaultive nature of the offense triggered a presumption of rejection:

> [T]he matter was properly the subject of a presumptive rejection in the offense was deliberately committed with violence or the threat of violence against another person. The defendant was indicted for an Aggravated Assault, second degree, Possession of a Weapon for Unlawful Purpose, third degree and Unlawful Possession of a Weapon, fourth degree.

The prosecutor reviewed the facts of the incident from the State's perspective, and then concluded:

> The presumption against enrollment for crimes of violence is appropriate in this case because the defendant used a deadly weapon to inflict the victim's injuries. Crimes of violence, especially [those] in which injury is inflicted by the use of a deadly weapon, require the greater level of deterrence available through formal criminal prosecution.

The prosecutor acknowledged that defendant disputed the State's version of events, but that did not affect her decision.

5

The defense denies the possession or use of a deadly weapon by the defendant. The defense further claims that the defendant was acting in self-defense and in defense of others by protecting her sisters. If the defendant truly believes that she did not stab the victim or was justified in the use of force, then she should seek an acquittal at trial. PTI is an inappropriate forum for widely divergent factual situations.

The prosecutor also relied on the victim's opposition, citing factor 4, N.J.S.A. 2C:43-12(e)(4).

[T]he victim is opposed to the diversion of the defendant. It is understandable that the victim would be opposed given the injury that she sustained and her hospitalization. The State is unwilling to discount the victim's opposition by agreeing to diversion in this case.

Finally, citing factors 14 (whether the public need for prosecution would outweigh the value of supervisory treatment), and 17 (whether the harm to society from not prosecuting outweigh the benefits of diversion), see N.J.S.A. 2C:43-12(e)(14), (17), the prosecutor acknowledged, but found unavailing, defendant's amenability to supervision and the benefits that would be achieved through her admission:

[T]he nature of the offense, the facts of the case and the strong need to deter this defendant and others similarly situated outweigh any benefits that would be realized through diversion. The State has reviewed the materials submitted by the defense on behalf of the defendant. The State recognizes that the defendant has had gainful employment in

6

the past, is the sole provider for her two children, is remorseful and has no criminal history. These factors may be relevant for sentencing but are not considered compelling as to overcome the presumption of enrollment for crimes of violence. The State is also aware that the decision not to divert would negatively impact the defendant's chance to reapply for her job. The State has considered that impact, however, the need for specific and general deterrence warrant formal criminal prosecution.

Defendant appealed to the Law Division. Referring to the State's brief, which is not before us, defense counsel argued the prosecutor gave undue weight to the victim's preferences. The assistant prosecutor — who was not the one who signed the rejection letter — defended the State's reliance on the victim's views. She argued:

> [O]n page six [of the State's brief] I write, the program is intended for victimless offenses only. And that's accurate. It is intended for victimless offenses only. There are times where aggravated assaults do get into PTI. However . . . those are . . . typically times when the victim does consent to the entry.

The assistant prosecutor amplified her view that a victim's opposition was controlling:

> [W]hen the entire case focuses on a serious assault, of course the victim has control. I mean, if the victim doesn't want to come to court, doesn't want to have anything to do with it, that's considered. If the victim is in the hospital for a long period of time, is very aggrieved by the situation, is out of

work, is scared, is hurt, of course, we take that into consideration. So, I think that it's not really accurate to say that the victim shouldn't control the prosecution. In fact, they do and they're very involved.

The trial court granted defendant's appeal and ordered her acceptance into PTI. In a written decision, the judge rejected the State's contention that "the program is intended for victimless offenses only." The judge found that both the criminal division manager and the prosecutor gave insufficient weight to the facts of the case. Closely analyzing the competing versions of events, the court identified weaknesses in the State's proofs, noting the possibility that the victim misidentified defendant as her assailant, as opposed to her identical twin sister; the victim's bias against defendant and her sister; and the lack of any other eyewitness to the stabbing. The court also highlighted the fact that defendant's involvement in the altercation was unexpected; she became involved to defend her sister and children; and the victim was not without fault, having participated in the fight. The court concluded the rejection was "arbitrary, unreasonable, and otherwise capricious" based on the failure to "consider all of the salient facts, combined with the Defendant's lack of propensity for violence."

The State's appeal followed. The State contends defendant failed to present evidence of "extraordinary or unusual

circumstances" that would compel overriding the presumption against admission in cases of violent crime. The State also disavowed the views expressed by the assistant prosecutor in oral argument, and asserted that they did not affect the rejection set forth in the earlier letter that a different assistant prosecutor signed. The State contended that even if it failed to consider all relevant factors, a remand for reconsideration, as opposed to an order compelling admission, was appropriate.

Defendant contends the prosecutor's reliance on the victim's opposition amounted to an unauthorized per se rule. She argues the trial court correctly found that the prosecutor committed a patent and gross abuse of discretion in denying her admission to PTI.

## II.

We afford prosecutors "broad discretion to determine if a defendant should be diverted." K.S., supra, 220 N.J. at 199. Our scope of review is "severely limited[,]" and addresses "only the most egregious examples of injustice and unfairness." State v. Negran, 178 N.J. 73, 82 (2003) (internal quotation marks and citation omitted). "[T]o overturn a prosecutor's decision to exclude a defendant from the program, the defendant must clearly and convincingly show that the decision was a patent and gross

abuse of . . . discretion."  K.S., supra, 220 N.J. at 200 (internal quotation marks and citation omitted).

However, "[i]ssues concerning the propriety of the prosecutor's consideration of a particular [PTI] factor are akin to 'questions of law[.]'"  State v. Maddocks, 80 N.J. 98, 104 (1979).  "Consequently, on such matters an appellate court is free to substitute its independent judgment for that of the trial court or the prosecutor should it deem either to have been in error." Id. at 105; see also Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995) ("A trial court's interpretation of the law and the legal consequences that flow from established facts are not entitled to any special deference.").

A prosecutor must set forth his or her reasons for rejecting a PTI candidate.  State v. Nwobu, 139 N.J. 236, 248-49 (1995).  A prosecutor "may not simply 'parrot' the language of relevant statutes, rules, and guidelines."  Id. at 249.  Among other purposes, a detailed and defendant-specific statement of reasons enables a defendant to respond, promotes confidence in the prosecutor's decision making, and facilitates judicial review. Ibid.

The prosecutor may not weigh inappropriate factors, or ignore appropriate factors.  K.S., supra, 220 N.J. at 200.  A PTI

rejection "must reflect only a proper consideration of the identified information . . . ." Id. at 198 (internal quotation marks and citation omitted). Although the facts of the case and the nature of the offense are appropriate considerations, "the PTI process is not designed to assess the weight of the State's case. '[T]he appropriate administration of the program militates against basing enrollment upon the weight of the evidence of guilt.'" Nwobu, supra, 139 N.J. at 252 (quoting State v. Smith, 92 N.J. 143, 147 (1983)).

A prosecutor is not required to address each of the seventeen statutory criteria for participation. See N.J.S.A. 2C:43-12(e)(1)-(17). A reviewing court shall "presume that a prosecutor considered all relevant factors, absent a demonstration by the defendant to the contrary." State v. Wallace, 146 N.J. 576, 584 (1996). However, a prosecutor may not establish an inappropriate blanket or per se rule barring admission; doing so means the prosecutor has failed to consider all relevant factors. See State v. Caliguiri, 158 N.J. 28, 44 (1999); see also Baynes, supra, 148 N.J. at 445.

Any defendant may apply for PTI, but the Guidelines create a rebuttable presumption against admission in cases involving certain crimes, including those "deliberately committed with violence or threat of violence against another person[.]" Pressler

& Verniero, supra, Guideline 3(i) at 1235. In such cases, "the defendant's application should generally be rejected." Ibid.; see also Baynes, 148 N.J. at 442.

To neutralize such a presumption, an applicant must demonstrate "extraordinary and unusual circumstances." State v. Roseman, 221 N.J. 611, 663-24 (2015). These may pertain to aspects of a defendant's background. Id. at 623 (citing Nwobu, supra, 139 N.J. at 252-53). But, the facts of the case may also satisfy a showing of extraordinary and unusual circumstances. See id. at 626-27 (finding the factual circumstances of the offense and the defendant's own actions to report it "were sufficiently 'extraordinary and unusual' to overcome the presumption against PTI for second-degree offenses").

In determining whether extraordinary and unusual circumstances exist, a court must engage in a "fact-sensitive analysis that requires consideration of 'idiosyncratic' circumstances demonstrating that denial of PTI has resulted in a 'serious injustice.'" Id. at 624 (quoting Nwobu, supra, 139 N.J. at 252). Furthermore, when the defendant is charged with a third-degree offense, the Court has declared that the weight of evidence required to rebut the presumption against PTI is not as great as if the defendant faced a second-degree charge. Caliguiri, supra, 158 N.J. at 44.

To meet the "gross and patent abuse of discretion" standard to justify supplanting the prosecutor's decision, a defendant must satisfy one of three factors and must also show the prosecutor's decision undermines the purpose of PTI:

> Ordinarily, an abuse of discretion will be manifest if defendant can show that a prosecutorial veto (a) was not premised upon a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment. In order for such an abuse of discretion to rise to the level of "patent and gross," it must further be shown that the prosecutorial error complained of will clearly subvert the goals underlying Pretrial Intervention.
>
> [State v. Bender, 80 N.J. 84, 93 (1979) (citation omitted).]

However, when a defendant has not met this high standard, but nonetheless has demonstrated an abuse of discretion — for example, the prosecutor considered inappropriate factors — a remand is appropriate.

> When a reviewing court determines that the "prosecutor's decision was arbitrary, irrational, or otherwise an abuse of discretion, but not a patent and gross abuse of discretion," the reviewing court may remand to the prosecutor for further consideration. Remand is the proper remedy when, for example, the prosecutor considers inappropriate factors, or fails to consider relevant factors.
>
> [K.S., supra, 220 N.J. at 200 (quoting State v. Dalglish, 86 N.J. 503, 509 (1981)).]

13

As the Court explained, this middle-ground preserves the opportunity for the exercise of the prosecutor's discretion, while assuring that the PTI standards are properly employed. Ibid.

### III.

Applying these principles, we conclude the trial court erred in compelling defendant's admission into PTI. The trial court appropriately reviewed the prosecutor's consideration of the facts of the case. However, the court appeared to fault the prosecutor for failing to consider the weaknesses in the State's case. The court focused on defendant's allegations that she confronted a fight unexpectedly, the victim was a participant, and defendant may have been motivated by a desire to protect her sister and children. As noted, the PTI process is not designed to assess the strength of the State's case.

The trial court also did not clearly articulate whether "extraordinary and unusual circumstances" existed to overcome the presumption against admission into PTI of persons charged with deliberately violent offenses. Instead, we are convinced the trial judge substituted his judgment for the prosecutor's, which is inconsistent with the required deferential standard of review. See Wallace, supra, 146 N.J. at 589 (reversing where "court essentially evaluated the case as if it stood in the shoes of the prosecutor").

On the other hand, we are unconvinced the prosecutor fairly considered all relevant factors. Our doubts are grounded in the assistant prosecutor's remarks at oral argument — and, apparently, in her written submission — that PTI is only appropriate for victimless crimes, or cases in which the victim does not object. We recognize that the views of the victim are relevant to the prosecutor's decision. See N.J.S.A. 2C:43-12(e)(4); see also N.J. Const., art. I, para. 22 (stating "A victim of a crime shall be treated with fairness, compassion and respect by the criminal justice system."). And, one goal of PTI is to divert defendants in cases of "victimless" crimes. See Pressler & Verniero, supra, Guideline 1(c) at 1233. Yet, a per se rule granting victims a veto over her assailant's admission into PTI is unauthorized by the statute or the Guidelines. The assistant prosecutor's statements raise questions about whether the prosecutor considered, and gave due weight to other relevant factors.

We cannot accept the State's argument that the assistant prosecutor's statements were an unauthorized and mistaken expression of prosecutor's office policy, and that they did not affect the office's earlier written denial. Apparently, the remarks were not impromptu, but repeated a point of view that was expressed in the State's brief, which we presume received some level of supervisory review. Although the earlier, written

rejection letter did not express a per se rule, we lack confidence to conclude that such a rule was not at work. Rather, a remand is necessary for reconsideration of defendant's application, free of any per se rule recognizing a victim veto.

In reconsidering defendant's application, the prosecutor should also engage in a fact-sensitive analysis as to whether defendant has overcome the presumption against admission in a case of deliberate violence. In determining whether defendant presents extraordinary and unusual circumstances, the prosecutor should, consistent with Roseman, consider not only defendant's personal background, but the facts of the case. If the aggravated assault charge has already been amended to a third-degree charge, the prosecutor should also be mindful that defendant bears a lesser burden than she did when she faced a second-degree charge.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

16

A-4059-15T1