# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0150-19T4

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

DENNIS T. CLIVER,

    Defendant-Respondent.

_____

> Submitted February 24, 2020 – Decided March 20, 2020
>
> Before Judges Sabatino and Sumners.
>
> On appeal from the Superior Court of New Jersey, Law Division, Salem County, Indictment No. 18-11-0414.
>
> John T. Lenahan, Salem County Prosecutor, attorney for appellant (David M. Galemba, Assistant Prosecutor, of counsel and on the brief).
>
> John A. Ferzetti, attorney for respondent.

PER CURIAM

    Defendant Dennis T. Cliver was accused of fondling the penis of a boy under the age of thirteen on multiple occasions in 2015 and 2016. Defendant

was indicted on November 14, 2018, for second-degree sexual assault, N.J.S.A. 2C:14-2(b), and second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a)(1). Six months later, defendant, sixty-one years old, sought entry into PTI after the trial court, with the prosecutor's consent, allowed him to file his application out-of-time.

Upon reviewing defendant's PTI application, the prosecutor rejected the compelling reasons defendant raised in support of the application. In its rejection letter to defense counsel, the prosecutor acknowledged some of the "compelling reasons" that supported defendant's PTI admission. The prosecutor noted defendant's exemplary life, including his honorable discharge from the United States Air Force, his strong familial ties, an offense-free past, and that he had agreed to a permanent final restraining order as a condition of admittance into PTI. Nonetheless, the prosecutor believed defendant was not a suitable candidate based on a thorough consideration of the Guidelines for Operation of Pretrial Intervention in New Jersey (the Guidelines), Rule 3:28, as well as N.J.S.A. 2C:43-12. The prosecutor also cited the "strong oppos[ition]" the victim's family's had towards defendant's admission. In conclusion, the State maintained it "weighed . . . defendant's amenability to correction and responsiveness to rehabilitation, against the nature of the offense and the need

for deterrence, and [found] that . . . defendant would be ineligible to participate in PTI due to the nature of the offense and . . . [other] reasons" mentioned above.

Defendant subsequently filed a motion to appeal the prosecutor's rejection. To support his declaration that the rejection was a patent and gross abuse of the prosecutor's discretion, defendant contended the prosecutor relied solely on the nature of the allegations against him, which were uncorroborated and full of contradictory statements, and that he met or exceeded most of the criteria under Guidelines 1 and 2 to warrant his admission.

In opposing defendant's motion, the prosecutor assessed all of the Guidelines' factors, citing both those in and not in defendant's favor, and stressed that to allow defendant into PTI would "demean the serious nature of the sexual assault allegations," under factor one. The prosecutor also argued most of defendant's contentions raised factual disputes, which needed to be determined by a jury, and reiterated the victim's family's strong opposition to defendant's entry into PTI.

On August 2, 2019, after hearing the parties' respective arguments, the court remarked:

> I do find that the State has considered all the statutory factors, but the defense has challenged that all of the arguments made by the State are premised upon the victim; the victim's age, the victim's statements, the

victim's willingness to testify[,] what the victim wants and what his family wants. It's all centered around the victim and there's been no contact with the victim since June of 2018.

The court questioned if the "State ha[d] given due consideration to the nature of the offense and the ability to prosecute th[e] case, keeping in mind that the State's overriding obligation is to see that justice is done, not to prosecute cases because a victim, and/or the victim's family, wants a case prosecuted." Concerned about the State's ability to present a "viable case" given its lack of contact with the victim, the court continued the motion for a month to allow the prosecutor to contact the victim to assess its ability to prosecute the charges.

On September 6, the prosecutor informed the court that the victim's father was in the courtroom, and he advised his son would be available to assist in trial preparation following his son's release from the hospital in ten days. After hearing defendant's assertion that "nothing has changed" since the last court date, the court remarked:

> The weight of the State's case is not a determining factor in a PTI analysis. And in ordinary circumstances, I can't imagine that it would result in admission to PTI simply because the State had a weak case.
>
> This case has another layer to it which is rather disturbing in that the State, on behalf of the State of New Jersey, not on behalf of any particular victim, has

4

an obligation to see that justice is done not for the particular victim, but for society as a whole. And I'm wondering how the State can do that when they have had no contact with the victim for sixteen months, and I recall previously being told that they were not allowed to have contact with the victim.

That is of concern to the [c]ourt. And so the question becomes whether it is such a degree of concern that the State has infused its discretion by not allowing the defendant [to] enter [into] PTI and thereby requiring him to continue to go through the legal process, including having -- this case put on the trial list and having a trial date set many months from now, given our court schedule, only to find out at some point along the way, after much time and expense, that, in fact, the victim is not available for the trial.

One has to wonder whether that would be justice for anyone. And that is the concern that I have.

The court next commented on the PTI factors, then stated:

[The prosecutor] create[d] the impression that either there is a bar to PTI for people charged with this . . . type of crime, which should not be the case, or this . . . defendant, is being denied PTI simply because the victim in this case, the victim's father, strongly objects to PTI, which should not be the determinative factor either.

[T]he State, while doing its utmost to protect this particular victim and wanting to see that the victim has his day in court, despite having no contact with him for sixteen months, has lost sight of its obligation to see that justice is done and to treat each one of these cases fairly with an open mind and to give due weight to all of the factors set forth in the statute. . . .

> [T]herefore, in this particular case, . . . the State has abused its discretion in denying the defendant admission into PTI[.]

Four days later, confirming its oral decision to grant defendant's motion, the court entered an order admitting defendant into PTI over the State's objection.

Before us, the State argues the trial court misapplied the law in overriding the prosecutor's rejection of defendant's PTI application. The State maintains the court mischaracterized its rejection of defendant's application by finding it was based solely on the type of offense. The State contends it properly weighed the entire Guidelines, including the victim's desire and interests, and the societal interest in prosecuting defendant, when it decided to reject defendant's application. We agree with the State.

Initially, we point out that effective July 1, 2018, the Guidelines were eliminated, with" many of their prescriptions — with significant variations — [now] contained in <u>Rules</u> 3:28-1 to -10." <u>State v. Johnson</u>, 238 N.J. 119, 128 (2019). However, neither the trial court nor the parties, before the court or before us, acknowledged this change. Although the parties' present arguments speak to the Guidelines, we see no need to remand because the reasons cited in the court's decision, the record provided, and the parties' arguments allow us to determine whether it was appropriate for the court to admit defendant into PTI.

A-0150-19T4

The prosecutor's consideration of a PTI application is based on the criteria set forth in N.J.S.A. 2C:43-12(e) as well as those found in Rule 3:28-4(b). R. 3:28-4(a). In accordance with Rule 3:28-1(d)(1), a "person who is charged with a crime, or crimes, for which there is a presumption of incarceration or a mandatory minimum period of parole ineligibility" is ineligible for PTI without prosecutorial consent. A defendant charged with a first- or second-degree crime must also enter a guilty plea prior to admission into PTI "[t]o be admitted into [PTI], a guilty plea must be entered for a defendant who is charged with: . . . a first or second degree crime[.]" R. 3:28-5(b)(2); see also N.J.S.A. 2C:43-12(g)(3). The prosecutor's withholding of consent and an order overruling a prosecutor's objection to a defendant's entry into PTI are subject to appeal as set forth in Rule. 3:28-6.

It is the "fundamental responsibility" of the prosecutor to decide whom to prosecute, State v. Kraft, 265 N.J. Super. 106, 111 (App. Div. 1993), and prosecutors have wide latitude in PTI determinations, State v. Wallace, 146 N.J. 576, 582 (1996); State v. Nwobu, 139 N.J. 236, 246 (1995). Essentially, deciding whether to admit a defendant into PTI is a "quintessentially prosecutorial function," Wallace, 146 N.J. at 582, that calls for an "individualized assessment of [a defendant's] 'amenability to correction' and

potential 'responsiveness to rehabilitation,'" along with a consideration of all the statutory factors and guidelines. State v. Roseman, 221 N.J. 611, 621-22 (2015) (quoting State v. Watkins, 193 N.J. 507, 520 (2008)). It is well-established that "the PTI process is not designed to assess the weight of the State's case. '[T]he appropriate administration of the program militates against basing enrollment upon the weight of the evidence of guilt.'" Nwobu, 139 N.J. at 252 (quoting State v. Smith, 92 N.J. 143, 147 (1983)).

A prosecutor's objection to PTI admission is afforded "extreme deference," Nwobu, 139 N.J. at 246, which has also been referred to as "enhanced" or "extra" deference, State v. Baynes, 148 N.J. 434, 443-44 (1997). In short, defendants are saddled with "a heavy burden" when seeking to overcome prosecutorial vetoes. Nwobu, 139 N.J. at 246. And courts may set aside a prosecutor's objection "only" when the prosecutor's decision constitutes a "most egregious example[] of injustice and unfairness." State v. DeMarco, 107 N.J. 562, 566 (1987).

To overturn a rejection of a PTI application, a defendant must "clearly and convincingly establish that the prosecutor's refusal . . . was based on a patent and gross abuse of . . . discretion." Wallace, 146 N.J. at 582 (quoting State v. Leonardis, 73 N.J. 360, 382 (1977)). An abuse of discretion occurs when the

A-0150-19T4

"prosecutorial veto (a) was not premised on a consideration of all relevant factors, (b) was based upon a consideration of irrelevant or inappropriate factors, or (c) amounted to a clear error in judgment." Id. at 583 (quoting State v. Bender, 80 N.J. 84, 93 (1979)). The error complained of rises to the level of a "patent and gross abuse of discretion" when the prosecutor's abuse of discretion "will clearly subvert the goals underlying [PTI]." Ibid.

With these principles in mind, we are constrained to conclude the court mistakenly ordered defendant's admission into PTI over the prosecutor's objection. Our review of the record convinces us that the prosecutor considered, weighed, and properly balanced all the requisite factors, including those personal to defendant as well as the facts and circumstances of the offenses. We therefore do not conclude the prosecutor's rejection of defendant's PTI application was a patent abuse of discretion amounting to a clear error of judgment.

The linchpin of the court's contrary conclusion, and of defendant's appellate arguments in support of the court's decision, was the belief that the prosecutor rejected defendant's PTI application based upon the offense involved, the victim's father's strong objection to PTI, and the possible difficulties the State may have in prosecuting the charges due to a reluctant or unavailable

victim. We appreciate that the prosecutor gave significant weight to the fact that defendant is charged with second-degree offenses of sexual assault and endangering the welfare of a minor – both having a presumption of incarceration – but as the State maintains that is within its prerogative. See Kraft, 265 N.J. Super. at 117 (citing State v. Litton, 155 N.J. Super. 207, 215 (App. Div. 1977)) ("Certainly, a reviewing court is not permitted to 'discount the prosecutor's responsiveness to the prevailing level of local public anxiety over certain forms of misconduct and its proper effect upon him in choosing between the goals of public deterrence and the least burdensome form of rehabilitation for the offender.'"). Of further importance is that "[i]n nearly identical language, N.J.S.A. 2C:43-12(e) and Rule 3:28-4(c) require prosecutors . . . to 'give due consideration to the victim's position' on whether the defendant should be admitted into PTI." RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 475 n.5 (2018). Even if reasonable minds differ in analyzing and balancing the applicable factors in this case, the trial court's disagreement with a prosecutor's reasons for rejection does not equate to prosecutorial abuse of discretion to merit override of the prosecutor's decision.

    Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0150-19T4